United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-20988

**G. ALLEN PRICE,**

**Plaintiff-Appellant,**

**versus**

**HARRAH'S MARKETING SERVICE CORPORATION; HARRAH'S LAKE CHARLES, LLC; HARRAH'S LAKE CHARLES, LLC, as successor to Players Lake Charles, LLC; PLAYERS LAKE CHARLES, LLC; HARRAH'S STAR PARTNERSHIP; HARRAH'S OPERATING COMPANY, INC.; HARRAH'S SHREVEPORT BOSSIER CITY HOLDING COMPANY, LLC; HARRAH'S SHREVEPORT BOSSIER CITY INVESTMENT COMPANY, LLC; HARRAH'S SHREVEPORT INVESTMENT COMPANY, LLC; HARRAH'S SHREVEPORT MANAGEMENT COMPANY, LLC; HARRAH'S BOSSIER CITY INVESTMENT COMPANY, LLC; HARRAH'S BOSSIER CITY MANAGEMENT COMPANY, LLC; HARRAH'S NEW ORLEANS MANAGEMENT COMPANY; HARRAH'S ENTERTAINMENT, INC.; SAM'S LIMOUSINE SERVICE, INC.,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(H-02-CV-4597)**

---

Before GARWOOD, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

At issue is a 29 August 2003 final judgment. Pursuant to FED.
R. CIV. P. 12(b)(6) (failure to state a claim), the district court
dismissed Price's claims under the Racketeer Influenced and Corrupt

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Organizations Act, 18 U.S.C. § 1962(a)-(d).  Price's maritime law claim was dismissed pursuant to Rule 12(b)(1) (lack of subject matter jurisdiction) and, in the alternative, pursuant to Rule 12(b)(6).  The district court declined to exercise its supplemental jurisdiction over Price's state law claims, *see* 28 U.S.C. 1441(c)(2004); they were dismissed without prejudice.

Price's 24 September 2003 notice of appeal from the 29 August 2003 final judgment does not include the 29 October 2003 denial of Price's 8 September 2003 Rule 59(a) "Plaintiff's Motion for Reconsideration (New Trial) and Motion for Leave to Amend Pleadings".  *See* FED. R. APP. P. 4(a)(4)(B)(ii).  Therefore, as stated, only the 29 August 2003 final judgment is at issue.

For essentially the reasons stated by the district court in its comprehensive and well-reasoned opinion, entered 29 August 2003, the judgment is

*AFFIRMED*.